# CIRCUIT COURT OF PRINCESS ANNE COUNTY

Leavitt Associates

v.

Braswell

April 23, 1958

Ended File No. 4041

BY JUDGE H. W. MACKENZIE, JR.

This case raises a very interesting point on the application of the common law copyright.

The plaintiff, a licensed architect, was employed by one Stanley Waranche for architectural services in connection with a housing development in Princess Anne County. Pursuant to this employment, plaintiff designed a unique and original dwelling, and Waranche built a single house as a model in the housing development pursuant to the plans and specifications thus prepared by the plaintiff. Defendant, without any express permission, entered the house, copied the layout and design, including the exterior design and interior floor plan and size, and proceeded to erect a substantial and similar home in another section. Plaintiff seeks a recovery for alleged infraction of his common law copyright, it being acknowledged that no statutory copyright was secured on the plans and specifications.

The law has been ably briefed by counsel for each side, and both agree that the protection of the common law copyright is lost by a general publication of the work or object. The real contention, therefore, is whether the building of a model home in the subdivision was such a publication.

There being no Virginia authority upon the subject, the defendant has cited the court to the Missouri case of *Kurfiss v. Cowherd*, 121 S.W.2d 282 (Mo. 1938), in which the facts are similar in all essential respects to those of the case at bar. The court, after a minute inspection of the principles of

publication, came to the conclusion that a general publication had taken place and that the common law copyright was lost. I think the reasoning and conclusion of the Missouri court was correct.

The construction of the model house was not the limited publication which has been held to preserve the common law copyright in a number of cases, including many cited by the plaintiff. In each of the cases holding that a limited publication had taken place, there was a manifest intent that no general release of the work had taken place, either in the form of expressed limits on the extent of the publication or exhibition of the object under such conditions as to make it manifest that the publication was limited.

Here the house was built as a model, from which others were to be constructed and sold in the subdivision. His was an invitation to the general public as distinguished from a limited or a selected audience to view this work. No notice, express or implied, was given to any of the invitees that any rights were being reserved by the architect. The public had the right to assume in the absence of a warning to the contrary that this object was being held out for sale to anyone willing to buy.

This seems to be one of those situations where the burden should be affirmatively placed upon the architect to make known to those legitimately visiting the premises that the copyright had not been relinquished. If the rule were otherwise, it would be practically impossible to determine when, if ever, the common law copyright of an architect had been lost. The building of a house in accordance with the plans and specifications and the exhibition of such house to the general public, in my opinion, constitute that publication which would terminate the common law copyright.

A judgment order should be prepared and submitted accordingly.